```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

MICHELLE ANDERSON                                CIVIL ACTION

VERSUS                                           NO: 10-1845

PATRICK SHIMON                                   SECTION: B(4)
AND MARGARET SHIMON

<u>**ORDER AND REASONS**</u>

Before the Court is Defendants' Motion for Reconsideration (Rec. Doc. No. 23) and Plaintiff's Motion for Attorneys' Fees and Bill of Costs (Rec. Doc. No. 28), both of which are opposed.  For the following reasons,

**IT IS ORDERED** that Defendants' Motion for Reconsideration is **DENIED** and Plaintiff's Motion for Attorneys' Fees and Bill of Costs is **GRANTED.**

Defendants seek reconsideration of this Court's Order granting Plaintiff's Motion to Dismiss Counterclaims and to Strike Affirmative Defenses.  Rec. Doc. No. 23; Rec. Doc. No. 22. Plaintiff's Motion was filed on December 17, 2010, and submitted for hearing on January 5, 2011, exceeding the minimum fifteen day time period provided by the Local Rules.  Rec. Doc. No. 21; LR 7.2. When no opposition was filed by January 3, 2011, the Court, after finding that the motion had merit, granted Plaintiff's motion as unopposed.  Rec. Doc. No. 22; LR 7.5.  The Court advised the parties that a motion for reconsideration of the Order could be filed within thirty days; however, because such a motion would not

have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorneys' fees, would be assessed against the party moving for reconsideration.  Rec. Doc. No. 22.  The Court further directed that any party seeking such costs and attorneys' fees had to file a statement of costs conforming to Local Rule 54.3 no later than eight (8) days prior to the submission of the motion for reconsideration.  *Id.*

Defendants filed their Motion for Reconsideration on February 2, 2011, which was set for submission on March 2, 2011.  Rec. Doc. No. 23.  Plaintiff filed her Motion for Attorneys' Fees and Bill of Costs on February 22, 2011.  Rec. Doc. No. 28.

I.   **Motion for Reconsideration**

Defendants claim that they are entitled to reconsideration pursuant to either the Court's inherent authority to modify or rescind any of its interlocutory orders, Federal Rule of Civil Procedure 54(b) which provides that interlocutory orders not designated as final judgments may be revised at any time before entry of a judgment adjudicating all claims in an action, or Federal Rule of Civil Procedure 60(b)(6) which states that the court may relieve a party or its legal representative from an order for any other reason (aside from the previous five specified) that justifies relief.  Rec. Doc. No. 23-1, at 3-6.

Specifically, Defendants' counsel admits that neither a timely

2

opposition nor motion for extension of time to submit an opposition memorandum was filed, but argues that she has a solo practice without support staff and was out of town for the holidays, the period in which Plaintiff's motion was filed. Rec. Doc. No. 23-1, at 2, 6; Rec. Doc. No. 36, at 2. Defendants claim that the timing of the motion, being filed during the holiday season and the short turn around time that Plaintiff set the date for submission, was arguably not reasonable pursuant to Local Rule 7.2. Rec. Doc. No. 36, at 2-3. Moreover, Defendants assert that their counsel "proceeded upon the initial tenor of this litigation, which had indicated that counsel were going to work to resolve this matter congenially and professionally, not sabotage one another with unilaterally scheduled eleventh hour deadlines during the holidays that provided the bare minimum response time under the court rules." Rec. Doc. No. 23-1, at 6. Defendants contend that as their counsel has extended significant equity to Plaintiff's counsel, i.e. calling Plaintiff's counsel prior to setting a Notice of Hearing date for a prior motion filed and delaying such date for approximately fifty days from the date the motion was filed (*see* Rec. Doc. Nos. 7, 7-2), a similar measure should be extended to Defendants' counsel in order to accomplish justice. Rec. Doc. No. 23-1, at 2, 6-7.

Defendants also seek to analogize the Court's grant of Plaintiff's motion as unopposed to a judgment in default, to which

Rule 60(b) most liberally applies because such proceedings are highly disfavored.  *Id.* at 7.  Defendants further note that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  *Id.*  Additionally, Defendants assert that Plaintiff will not be prejudiced by this Court granting reconsideration of its prior Order, as trial is currently set for September 26, 2011, which will not be impacted should Defendants' Motion for Reconsideration be granted, and several other discovery and evidentiary issues that both parties are making efforts to resolve remain outstanding.  Rec. Doc. No. 36, at 1-3.

Because the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, a motion for reconsideration should be treated as a motion to alter or amend a judgment under Rule 59(e) if filed within twenty-eight days of the challenged ruling or judgment and under Rule 60 if filed beyond that time.  *See* Fed. R. Civ. P. 59(e); *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Freeman v. County of Bexar*, 142 F.3d 848, 852 and n.7 (5th Cir. 1998); *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).  The parties do not dispute that Defendants' motion should be considered under Rule 60, specifically Rule 60(b).  Rec. Doc. No. 23-1, at 4-6; Rec. Doc. No. 27, at 2-3.  Rule 60(b) provides:

4

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Defendants' counsel argues that 60(b)(6) is applicable here in order "to accomplish justice." Rec. Doc. No. 23-1, at 4-6. In a motion for reconsideration under clause (6) of Rule 60(b), the movant must show "the initial judgment to have been manifestly unjust." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (citing *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). "Clause (6) is a residual or catch-all provision to cover unforeseen contingencies–a means to accomplish justice under exceptional circumstances." *Bohlin*, 6 F.3d at 357 (citing *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)).

Indeed, the United States Supreme Court has held that for relief from judgment under Rule 60(b)(6) to be granted, "extraordinary circumstances" must be present. *Celestine v. Petroleos De Venezuela SA*, 108 Fed. Appx. 180, 183-84 (5th Cir. 2004) (citing *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209 (1950)).

Here, we find that Defendants' motion fails to show that the initial order was manifestly unjust and that exceptional circumstances warranting reconsideration exist. In fact, Defendants' motion may be more properly construed under clause (1), as Defendants' counsel is essentially asking the Court to excuse its own neglect or inadvertence in failing to file a timely opposition memorandum or motion to extend the time to file same. Under Rule 60(b)(1), however, the Court would abuse its discretion if it granted relief when the basis for the request is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court. *Bohlin*, 6 F.3d at 356-57; *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991); *Lavespere*, 910 F.2d at 173. Indeed, the United States Fifth Circuit Court of Appeals has consistently "found 60(b) inapplicable to provide relief from the errors that counsel had committed during the actual representation of their clients." *Associated Marine Equipment, LLC v. Jones*, 301 Fed. Appx. 346, 350 (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985); *Wilson v. Atwood Group*, 725 F.2d 255, 257-58

(5th Cir. 1984)).

In any event, Defendants have failed to adequately show that this Court's Order granting as unopposed Plaintiff's motion that was timely filed and timely noticed for hearing pursuant to the Federal Rules of Civil Procedure and the Local Rules was manifestly unjust.  Additionally, we find that the previous Order was not the functional equivalent of a default, and moreover, we find the facts that the trial date would not be affected nor would Plaintiff be prejudiced by a grant of Defendants' motion for reconsideration insufficient to establish the requisite exceptional circumstances. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration (Rec. Doc. No. 23) is hereby **DENIED;** moreover, the underlying motions to dismiss and strike had and continue to have merit.

## II.  Motion for Attorneys' Fees and Bill of Costs

Plaintiff's Motion for Attorneys' Fees and Bill of Costs seeking the costs incurred in connection with Defendants' Motion for Reconsideration was filed on February 22, 2011, not later than eight days before the motion for reconsideration was set for submission, pursuant to this Court's previous Order granting Plaintiff's Motion to Dismiss Counterclaims and to Strike Affirmative Defenses.  Rec. Doc. Nos. 22, 23, and 28. Additionally, Plaintiff submitted a Bill of Costs, along with an affidavit of Plaintiff's counsel verifying the fees and costs, and

an itemized statement of fees and costs. Rec. Doc. No. 28-2. The claimed 26.50 hours that Plaintiff's counsel worked on Defendant's motion for reconsideration and Plaintiff's motion for fees should have taken no more than half of the time claimed here. An amount of 13.25 hours for such activity is reasonable. The motions were neither complex nor unique, factually or legally. In making this reduction, we do not doubt counsel's time calculations for accuracy; at issue is the reasonableness of time expended for noted tasks. Further, the hourly rate of $200 is reasonable under the circumstances in this District. Applying facts and long standing circuit precedent, a fee award of $2,650.00 is reasonable for noted sanctioned conduct.[1] Accordingly,

    **IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees and Bill of Costs (Rec. Doc. No. 28) is **GRANTED** in order to allow for a $2,650.00 recovery.

      """""""Pgy"Qtngcpu."Nqwkukcpc"vjku"38vj"fc{"qh"Lwpg."42330"
"

                                                United States District Judge

---

[1] *See Delta Theatres, Inc. v. Paramount Pictures, Inc.*, 398 F.2d 323 (5th Cir. 1968); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).